**EXHIBIT 1 – PETITION OF** *Warees Malachi Mothershed-Bey-Bey v. Canik USA, LLC, Century Arms, Inc., Century International Arms, Inc., Academy Sports & Outdoors, Inc., and Academy, Ltd.*

## IN THE DISTRICT COURT OF CLEVELAND COUNTY
## STATE OF OKLAHOMA

WAREES MALACHI MOTHERSHED-
BEY-BEY,

        Plaintiffs,

v.

CANIK USA, LLC., a foreign limited
liability company; CENTURY ARMS, INC.,
a foreign corporation; CENTURY
INTERNATIONAL ARMS, INC., a foreign
corporation; ACADEMY SPORTS &
OUTDOORS, INC., a foreign corporation;
ACADEMY, LTD., a foreign limited
liability company,

        Defendants.

Case No. CJ-2026-59

JURY TRIAL DEMANDED

ATTORNEY'S LIEN CLAIMED

STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY }

**FILED**

JAN 14 2026

In the office of the
Court Clerk MARILYN WILLIAMS

## PETITION

COMES NOW, Warees M. Mothershed-Bey-Bey, and for his Petition against Defendants Canik USA, LLC., Century Arms, Inc., Century International Arms, Inc., Academy Sports & Outdoors, Inc., and Academy, LTD., stating and alleging as follows:

## PARTIES

1.      Plaintiff Warees M. Mothershed-Bey is currently, and at all times relevant to this Petition was, a resident of Moore, OK.

2.      Defendant Canik USA, LLC., is a Delaware limited liability company with its principal office and headquarters at 309 Sansbury Way, Suite 100, West Palm Beach, FL 33411. Canik USA, LLC.'s registered agent for service of process is Cogency Global Inc., 115 N. Calhoun Street, Suite 4, Tallahassee, Florida 32301.

3.      Defendant Century Arms, Inc. is a Vermont corporation with its principal office and headquarters at 309 Sansbury Way, Suite 200, West Palm Beach, FL 33411. Century Arms,

Inc.'s registered agent for service of process is Michael Sucher, 309 Sansbury Way, Suite 200, West Palm Beach, FL 33411.

4.      Defendant Century International Arms, Inc. is a Florida corporation with its principal office and headquarters at 309 Sansbury Way, Suite 200, West Palm Beach, FL 33411. Century Arms, Inc.'s registered agent for service of process is Michael Sucher, 309 Sansbury Way, Suite 200, West Palm Beach, FL 33411.

5.      Defendant Academy Sports & Outdoors, Inc. is a Delaware corporation with its principal office and headquarters at 1800 North Mason Road, Katy, TX 77449. Academy Sports & Outdoors, Inc.'s registered agent for service of process is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company located at 211 E. 7th Street, Suite 620, Austin, TX 78701.

6.      Defendant Academy, Ltd. is a Texas Limited Liability Company with its principal office and headquarters at 1800 North Mason Road, Katy, TX 77449. Academy, Ltd.'s registered agent for service of process is Corporation Service Company located at 10300 Greenbriar Place, Oklahoma City, OK 73159. Academy, Ltd. conducts operations and does business as Academy Sports & Outdoors.

## JURISDICTION AND VENUE

7.      Defendants Canik USA, Century Arms, Century International Arms, and non-party Turkish company Samsun Yurt Savunma (SYS), are hereinafter referred to as Defendants "Canik / Century Arms" and either are alter egos of each other or are engaged in a joint venture with each other.

(a)      With respect to alter-ego, the separate existence of Defendants Canik USA, Century Arms, Century International Arms, and non-party Turkish company Samsun Yurt

2

Savunma (SYS) are a scheme to perpetuate a commonality of purpose in the design, manufacture, testing, provision with instructions and warnings, quality control, and distribution of firearms and they act as the agents or instrumentalities of each other. Defendant Canik USA holds itself out being the same company as non-party Turkish company Samsun Yurt Savunma (SYS) on its website stating that Canik is based near a mountain bearing its name – Mount Canik is in Turkey; the website states that Canik has been a significant player in the aerospace industry - non-party Turkish company Samsun Yurt Savunma (SYS) does considerable business in the aerospace industry; the company's work in the aerospace industry lead to the development of a high quality polymer and the beginning of the TP series pistols and adoption by Turkish law enforcement. Defendant Century Arms owns Defendants Century International Arms and Canik USA; the companies have the same address; the companies have common officers and directors; the companies provide financing to each other; the business of the corporations are primarily with each other, until they provide the firearms to distributors; Defendant Century Arms refers to Defendants Canik USA and Century International Arms as a division or department of Defendant Century Arms; and the companies follow the direction of each other's officers and directors. As such, Defendants Century Arms, Century International Arms, and Canik USA are principals and agents of each other and liable as such.

(b)     With respect to joint venture, Defendants Canik USA, Century Arms, Century International Arms, and non-party Turkish company Samsun Yurt Savunma (SYS) are associated with each other for the purpose of carrying out a single business

3

enterprise with the objective of making a profit. Defendant Canik USA holds itself out being the same company as non-party Turkish company Samsun Yurt Savunma (SYS) on its website stating that Canik is based near a mountain bearing its name – Mount Canik is in Turkey; the website states that Canik has been a significant player in the aerospace industry - non-party Turkish company Samsun Yurt Savunma (SYS) does considerable business in the aerospace industry; the company's work in the aerospace industry lead to the development of a high quality polymer and the beginning of the TP series pistols and adoption by Turkish law enforcement. Specifically, the companies have a joint interest in the firearms that they design, manufacture, test, provided with warnings and instructions, conducted quality control, and distribute; they have the same address; they have an express or implied agreement between them in sharing profits and losses associated with those firearms; and they cooperate in carrying out the enterprise. As such, Defendants Canik USA, Century Arms, Century International Arms, and non-party Turkish company Samsun Yurt Savunma (SYS) are jointly and severally liable for the conduct of the joint venture.

8.    Defendants Canik / Century Arms are in the business of designing, testing, manufacturing, providing warnings and instructions, importing, conducting quality control, and distributing a variety of firearm products, including the Canik TP9SF Elite pistol at issue in this case.

9.    Defendants Canik / Century Arms have and continue to purposefully avail themselves of the rights and benefits of conducting business in the State of Oklahoma and continue to conduct continuous and systematic business in the State of Oklahoma by intentionally and

4

knowingly distributing their products through the stream of commerce directed at both retailers, such as Defendant Academy (see below), and end consumers in the State of Oklahoma.

       10.    Defendants Academy Sports & Outdoors and Academy are herein after referred to as Defendant "Academy" and either are alter egos of each other or are engaged in a joint venture with each other.

       (a)    With respect to alter-ego, the separate existence of Defendant Academy Sports & Outdoors and Defendant Academy are a scheme to perpetuate a commonality of purpose in the design, manufacture, testing, provision with instructions and warnings, distribution, quality control, and sale to individual consumers of sporting goods, including firearms, and they act as the agents or instrumentalities of each other. Upon information and belief Defendant Academy Sports & Outdoors owns, directly or indirectly Defendant Academy; they have the same address; the companies have common officers and directors; the companies provide financing to each other; the business of the corporations are primarily with each other, until they sell the firearms to individual consumers; Defendant Academy Sports & Outdoors refers to Defendant Academy as a division or department of Defendant Academy Sports & Outdoors; and the companies follow the direction of each other's officers and directors. As such, Defendant Academy Sports & Outdoors and Defendant Academy are principals and agents of each other and liable as such.

       (b)    With respect to joint venture, Defendant Academy Sports & Outdoors and Defendant Academy are associated with each other for the purpose of carrying out a single business enterprise with the objective of making a profit. Specifically, the companies have a joint interest in the sporting goods, including firearms, that they

5

design, manufacture, test, provided with warnings and instructions, conduct quality control, distribute, and sell to individual consumers; they have the same address; they have an express or implied agreement between them in sharing profits and losses associated with those firearms; and they cooperate in carrying out the enterprise. As such, Defendant Academy Sports & Outdoors and Defendant Academy are jointly and severally liable for the conduct of the joint venture.

11.    Defendant Academy is in the business of designing, manufacturing, testing, providing warnings and instructions, purchasing from manufacturers and/or distributors, conducting quality control, distributing, and selling to end consumers, a variety of sporting goods products (including firearms such as the Canik TP9SF Elite pistol at issue in this case) to consumers through its network of stores, including its Academy Sports & Outdoors location at 5635 SE 15th Street, Midwest City, Oklahoma County, Oklahoma 73110.

12.    Defendant Academy has and continues to purposefully avail itself of the rights and benefits of conducting business in the State of Oklahoma and continues to conduct continuous and systematic business in the State of Oklahoma by intentionally and knowingly distributing its products through the stream of commerce directed at both retailers and end consumers in the State of Oklahoma.

13.    Defendants Canik / Century Arms distributed the Canik TP9SF Elite pistol at issue in this case to Defendant Academy.

14.    In approximately March, 2022, Defendant Academy sold Defendants Canik / Century Arms' TP9SF Elite (HG4869AT-N) / 22BH03978) pistol at issue in this case to Plaintiff Warees M. Mothershed-Bey-Bey, at the Academy Sports & Outdoors location at 5635 SE 15th Street, Midwest City, Oklahoma County, Oklahoma 73110.

15. On or about January 19, 2024, the Canik TP9SF Elite pistol at issue in this case was defective and caused personal injury to Plaintiff Warees M. Mothershed-Bey-Bey, in Moore, Cleveland County, Oklahoma.

16. This Court has subject matter jurisdiction, has personal jurisdiction over the parties, and is a proper venue.

<h2 style="text-align:center"><u>OBJECT AND NATURE OF ACTION</u></h2>

17. This is a product liability and negligence action by Plaintiff Warees M. Mothershed-Bey-Bey, Defendants Canik / Century Arms and Defendant Academy to recover actual and punitive damages arising from injuries sustained on or about January 19, 2024 as a result of a product defect in the Canik TP9SF Elite pistol at issue which allowed it to unintentionally discharge.

<h2 style="text-align:center"><u>FACTS</u></h2>

18. Defendants Canik / Century Arms exercised substantial control over, provided input into, and conducted design, testing, manufacturing, provision with warnings and instructions, quality control, importing (from Turkish company Samsun Yurt Savunma (SYS)), and distribution functions for the Canik TP9SF Elite pistol at issue in this case. These functions were performed both in conjunction with Samsun Yurt Savunma (SYS), as well as independently after import.

19. Defendants Canik / Century Arms imported the Canik TP9SF Elite pistol at issue in this case into the United States.

20. Defendants Canik / Century Arms then distributed the Canik TP9SF Elite pistol at issue in this case into the State of Oklahoma or to a distributor / retailer intending and / or knowing that the pistol would wind up for sale in the State of Oklahoma.

21.     Defendants Canik / Century Arms distributed the Canik TP9SF Elite pistol at issue to Defendant Academy.

22.     Defendant Academy evaluated information from Defendants Canik / Century Arms, tested, and otherwise analyzed the Canik TP9SF Elite pistol and decided to sell the pistol to its end user customers.

23.     In approximately March, 2022, Defendant Academy sold the Canik TP9SF Elite pistol at issue in this case to Plaintiff Warees M. Mothershed-Bey-Bey at its Academy Sports & Outdoors location at 5635 SE 15th Street, Midwest City, Oklahoma County, Oklahoma 73110.

24.     On or about January 19, 2024, Plaintiff Warees M. Mothershed-Bey-Bey was in Moore, Cleveland County, Oklahoma and had just returned home from work when the Canik TP9SF Elite pistol at issue, in its holster, fell out of his pocket and unintentionally discharged upon hitting the floor (while still in the holster).  Mr. Mothershed-Bey-Bey did not pull the trigger on the pistol nor was his hand anywhere near the pistol when it discharged.

25.     The bullet from the Canik TP9SF Elite pistol at issue struck Plaintiff Warees M. Mothershed-Bey in the abdomen causing a significant loss of blood and internal injuries (including, but not limited to, his colon, liver, spleen, diaphragm, left lung, left 8th rib, and left shoulder blade) which required emergent and significant medical treatment, including long term and permanent physical injury.

### COUNT I - PRODUCT LIABILITY

26.     All paragraphs within this Petition are incorporated herein by reference.

27.     Firearms must be designed, manufactured, tested, provided with warnings and instructions, quality controlled, distributed, and sold with safety as the first priority in order to protect everyone from serious injury or death.

8

28. Firearms must be designed, manufactured, tested, provided with warnings and instructions, manufactured, quality controlled, distributed, and sold so that they can only be discharged when the user removes the safety and pulls the trigger.

29. Firearms must be designed, manufactured, tested, provided with warnings and instructions, quality controlled, distributed, and sold so that they cannot discharge when inadvertently dropped.

30. Defendants Canik / Century Arms and Defendant Academy knew of the foregoing safety rules prior to the design, manufacture, testing, provision with warnings and instructions, quality control, distribution, and sale Canik TP9SF Elite pistol at issue in this case.

31. As far back as 2017, Defendants Canik / Century Arms knew or should have known that certain 9 mm pistols, including the TP9SF Elite at issue in this case, had a drop fire defect. At that time, Defendants Canik / Century Arms issued a "Product Safety Warning and Severe Duty Upgrade." [**Ex. 1**, Severe Duty Upgrade]. Defendants Canik / Century Arms acknowledged that if a firearm is dropped, internal components may compromise the safety systems in the pistol and result in accidental discharge which would result in serious injury or death. Defendants Canik / Century Arms offered a voluntary upgrade of the trigger safety spring and firing pin block spring on these pistols, and indicated that the upgraded trigger safety spring and firing pin block spring would be used on these models manufactured after this Product Safety Warning. Defendants Canik / Century Arms stated that the upgrade would provide enhanced drop discharge prevention. Note this action was a voluntary upgrade, not a recall.

32. As a major retailer of Defendants Canik / Century Arms' firearms, Defendant Academy knew or should have known of the information in Defendants Canik / Century Arms' "Product Safety Warning and Severe Duty Upgrade."

33.    Defendants Canik / Century Arms' "Severe Duty Upgrade" did not eliminate the drop fire defect in the pistols referenced in the "Severe Duty Upgrade," including the TP9SF Elite at issue in this case.

34.    The Owner's Manual for the Canik TP9SF Elite notes that both the Canik TP9SF Elite and TP9SF Elite-S have trigger safety levers and internal firing pin blocks, while the TP9SF Elite-S also has a "Manual Safety Lever." The Manual states that the internal firing pin block "prevents the firing pin from moving forward unless the trigger is pulled and that the trigger safety "must be fully depressed to pull the trigger." The Manual also says that, in order to fire the pistol, the owner must place his finger inside the trigger guard and on the trigger, fully depress the trigger safety, and the pull the trigger. These instructions, among other facts, creates a consumer expectation that these safety devices will prevent the pistol from firing unless the trigger is pulled. [**Ex. 2**, Owner's Manual].

35.    The Owner's Manual also warns owners not to "Rely on Your Gun's Safety" and to treat every gun as though it could fire at any time, "even if [the owner is] not applying pressure to the trigger." The Manual goes on to say that the safety "can become inoperable at the worst possible time and fail to function" and to "Never…assume that the gun won't fire just because the 'safety' is on." These instructions are completely contrary to those in Paragraph 34, and instead state that the pistol's safety devices do not actually provide safety against an accidental discharge and are contrary to consumer expectations.

36.    The Owner's Manual notes that "If dropped, any firearm could fire when there is a cartridge in the chamber." The Manual notes that a shooting accident can "result in loss of lie, severe injury, or property damage[.]"

37.    In addition, there have been previous incidents where Canik TP9 pistols have discharged after being accidentally dropped. *See e.g., Gunnells v. Century Arms, LLC, et al.*, 2:19-cv-00781-ECM-SMD (M.D.Ala., Oct. 11, 2019)(Doc. 1-1, p. 7 – incident occurred in 2017); Hill v. Century Arms, Inc., et al., 3:21-cv-00031-TAV-DCP (E.D.Tenn. May 19, 2021)(Doc. 18, p. 11 – this TP9SF Elite incident occurred in 2019).

38.    The drop fire defect in the Canik TP9SF Elite allows the pistol to discharge when the pistol is dropped and, upon striking the ground, the safety mechanisms fail to prevent the pistol from discharging despite the fact that the trigger was not pulled.

39.    Defendants Canik / Century Arms, as well as Defendant Academy, were therefore on notice of both a drop fire defect in the Canik TP9SF Elite and the ineffectiveness of the pistol's safety devices in preventing such accidental discharges.

40.    Neither Defendants Canik / Century Arms, nor Defendant Academy, has ever issued a recall for the drop fire defect in the pistols, including the TP9SF Elite at issue in this case, referenced in the "Severe Duty Upgrade."

41.    While the Owner's Manual cautions against leaving ammunition in the pistol when the owner is not in the field, that warning fails to take into consideration the realities of, and consumer expectations, of both common consumers and certain professions such as law enforcement or security guards. Similarly, the Manual warns against carrying a loaded pistol in a holster which also ignores the realities and consumer expectations set forth above, particularly since the trigger cannot be pulled on a pistol in a holster. Therefore, it was foreseeable to Defendants Canik / Century Arms and Defendant Academy that consumers, particularly those in professions such as law enforcement and security guards, would not follow those warnings as given.

11

42.     The foregoing defects herein were present in the Canik TP9SF Elite pistol at the time that it was designed, manufactured, tested, provided with warnings and instructions, quality controlled, distributed, and sold by Defendants Canik / Century Arms and Defendant Academy and at the time of the incident described herein.

43.     The Canik TP9SF Elite was in the same condition as when it left the control of both Defendants Canik / Century Arms and Defendant Academy, and had not been modified, altered, misused, tampered with, or otherwise changed prior to the incident described herein.

44.     Plaintiff Warees M. Mothershed-Bey had never dropped the Canik TP9SF Elite pistol prior to the incident described herein.

45.     Plaintiff Warees M. Mothershed-Bey is Oklahoma Commission on Law Enforcement Education and Training (CLEET) certified and works for Oklahoma Security Professionals providing event and personal security services on a by-the-job basis.

46.     Plaintiff Warees M. Mothershed-Bey used the Canik TP9SF Elite at issue in the manner in which it was intended to be used, as an ordinary consumer would use it, and in a manner that was reasonably foreseeable to Defendants Canik / Century Arms and Defendant Academy.

47.     The Canik TP9SF Elite pistol is defective (in the sense that it was not reasonable fit for the ordinary purposes for which such products are intended or may reasonably be expected to be used) and unreasonably dangerous (in the sense that it is dangerous beyond that which would be contemplated by the ordinary user who purchased it with the ordinary knowledge common to the community as to the product's characteristics) to a person who uses or might be reasonably expected to be affected by the Canik TP9SF Elite pistol in the following respects:

        (a)     the ability of the pistol to fire without the trigger being pulled;

        (b)     the ability of the pistol to fire after being inadvertently dropped;

(c)    the existence of the drop fire defect described herein;

(d)    the lack of adequate safety mechanisms in the pistol to prevent a drop fire;

(e)    the inability of the safety mechanisms in the pistol (the trigger safety and the firing pin block) to prevent a drop fire;

(f)    failure to adequately instruct and warn about the ability of the pistol to fire without the trigger being pulled;

(g)    failure to adequately instruct and warn about the ability of the pistol to fire if inadvertently dropped;

(h)    failure to adequately instruct and warn about the existence of the drop fire defect;

(i)    failure to adequately instruct and warn about the lack of adequate safety mechanisms to prevent a drop fire;

(j)    failure to adequately instruct and warn about the inability of the pistol's safety mechanisms (the trigger safety and the firing pin block) to prevent a drop fire;

(k)    failure to issue a recall of the pistols for the issues listed above or otherwise take adequate remedial action; and

(l)    other defects not yet identified.

48.    It was reasonably foreseeable to Defendants Canik / Century Arms and Defendant Academy, that someone in a situation, such as that of Plaintiff Warees M. Mothershed-Bey, could be injured or killed as a result of the defects in the Canik TP9SF Elite pistol.

49.    As a direct and proximate result of the defects in the Canik TP9SF Elite pistol at issue, Plaintiff Warees M. Mothershed-Bey, sustained the following injuries and damages:

(a)    temporary and permanent physical injuries to Plaintiff Warees M. Mothershed-Bey;

(b)    past and future disfigurement of Plaintiff Warees M. Mothershed-Bey;

(c)    past and future diminished physical capacity of Warees M. Mothershed-Bey;

(d)    past and future medical expenses of Warees M. Mothershed-Bey;

(e)    past and future physical pain and suffering of Plaintiff Warees M. Mothershed-Bey;

(f)    past and future mental pain and suffering of Plaintiff Warees M. Mothershed-Bey; and

(g)    past and future lost income and earning capacity of Plaintiff Warees M. Mothershed-Bey.

50.    The conduct of Defendants Canik / Century Arms and Defendant Academy, which resulted in the defects set forth above, was done recklessly and with disregard for the rights and safety of others, thereby entitling Plaintiff Warees M. Mothershed-Bey, to recover punitive damages.

## COUNT II – NEGLIGENCE

51.    All paragraphs within this Petition are incorporated herein by reference.

52.    Defendants Canik / Century Arms owed its customers and others who might reasonably be affected by its Canik TP9SF Elite pistol, a duty of reasonable care in the design, manufacture, testing, provision with warnings and instructions, quality control, and distribution of the Canik TP9SF Elite pistol.

14

53.    Defendant Academy owed its customers and others who might reasonably be affected by its Canik TP9SF Elite pistol, a duty of reasonable care in the testing, provision with warnings and instructions, quality control, distribution, and sale of the Canik TP9SF Elite pistol.

54.    Defendants Canik / Century Arms and Defendant Academy breached their duties of reasonable care in the design, manufacture, testing, provision with warnings, quality control and distribution of the Canik TP9SF Elite pistol such that it contained the following defects:

(a)    the ability of the pistol to fire without the trigger being pulled;

(b)    the ability of the pistol to fire after being inadvertently dropped;

(c)    the existence of the drop fire defect described herein;

(d)    the lack of adequate safety mechanisms in the pistol to prevent a drop fire;

(e)    the inability of the safety mechanisms in the pistol (the trigger safety and the firing pin block) to prevent a drop fire;

(f)    failure to adequately instruct and warn about the ability of the pistol to fire without the trigger being pulled;

(g)    failure to adequately instruct and warn about the ability of the pistol to fire if inadvertently dropped;

(h)    failure to adequately instruct and warn about the existence of the drop fire defect;

(i)    failure to adequately instruct and warn about the lack of adequate safety mechanisms to prevent a drop fire;

(j)    failure to adequately instruct and warn about the inability of the pistol's safety mechanisms (the trigger safety and the firing pin block) to prevent a drop fire;

      (k)      failure to issue a recall of the pistols for the issues listed above or otherwise take adequate remedial action; and

      (l)      other defects not yet identified.

55.     As a direct and proximate result of the negligence of Defendants Canik / Century Arms and Defendant Academy, Plaintiff Warees M. Mothershed-Bey, sustained the following injuries and damages:

      (a)     temporary and permanent physical injuries to Plaintiff Warees M. Mothershed-Bey;

      (b)     past and future disfigurement of Plaintiff Warees M. Mothershed-Bey;

      (c)     past and future diminished physical capacity of Warees M. Mothershed-Bey;

      (d)     past and future medical expenses of Warees M. Mothershed-Bey;

      (e)     past and future physical pain and suffering of Plaintiff Warees M. Mothershed-Bey;

      (f)     past and future mental pain and suffering of Plaintiff Warees M. Mothershed-Bey; and

      (g)     past and future lost income and earning capacity of Plaintiff Warees M. Mothershed-Bey.

56.     The negligent conduct of Defendants Canik / Century Arms and Defendant Academy set forth above, was done recklessly and with disregard for the rights and safety of others, thereby entitling Plaintiff Warees M. Mothershed-Bey, to recover punitive damages.

**WHEREFORE** Plaintiff Warees M. Mothershed-Bey, demands judgment against Defendants Canik USA, LLC., Century Arms, Inc., Century International Arms, Inc., Academy

Sports & Outdoors, Inc., and Academy, LTD., for an award of actual and punitive damages in an amount in excess of $75,000, plus costs prejudgment and post-judgment interest, attorneys' fees, and such other relief as the Court may deem appropriate.

 ATTORNEYS' LIEN CLAIMED.

Dated:  January 14, 2026

<div style="margin-left:40%">

Respectfully submitted,

Patrick E. Carr, OBA #1506
Christopher L. Brinkley, OBA #32180
CARR & CARR
4416 S. Harvard Ave.
Tulsa, OK 74135
pcarr@carrcarr.com
cbrinkley@carrcarr.com
**ATTORNEYS FOR PLAINTIFF**

</div>

17